## Case No. 10,000.

### In re MYRICK.

[3 N. B. R. 156; (Quarto, 38).] [1]

District Court, S. D. Georgia. 1869.

INTERNAL REVENUE—STAMP DUTY — POWER TO REPRESENT CREDITOR IN BANKRUPTCY—PROOF OF CLAIM—CORRECTION OF ERRORS.

1. A power to represent a creditor in bankruptcy is not subject to stamp duty by existing laws.

2. A creditor may correct clerical errors in his proof of claim at any time before final dividend.

[This case was previously heard upon the question of the interest of the bankrupt in certain real estate under the will of John Edmondson, the bankrupt's father in law, Case No. 9,999.] At the second general meeting of the creditors of Benjamin H. Myrick, bankrupt, on the 16th day of February, 1869, the assignee, in the absence of a majority of the creditors, determined on a dividend; and preparatory to computing the same, William McKinley, attorney for John Wood, a junior creditor, objected to the proofs of debt filed in favor of David Bateman and George L. Denning, respectively, and moved that they be rejected as not duly proved, because the proofs had been made by Lucilius H. Briscoe, under powers of attorney which were void for the want of the proper revenue stamps. To remedy the defect, if defect it was, Col. Briscoe moved to affix the proper stamps instanter; but contended that the law did not require a stamp at the date of the powers. Col. Briscoe also moved to fill two blanks that were not filled at the execution of one of the proofs. This proof had been made out on a printed blank, and the blank place left for the name of the county of his residence, and also the name of the agent proving the claim, had been omitted in one place only, but appeared in every other proper place throughout the proof. The motion to fill these two blanks was resisted by Col. McKinley.

By ALEXANDER G. MURRAY, Register: The revenue laws of the United States, prior to March, 1867, did require such papers to be stamped; but since the removal of stamp duty from judicial proceedings by congress, in March, 1867 [14 Stat. 517], a power to represent a creditor in bankruptcy (being a paper which is part and parcel of bankrupt proceedings, and is required to be filed in the case as part of the record), dated in October, 1868, does not require a stamp. As to the right to remedy technical errors or omissions, or correct clerical errors, the law

gives a creditor the right to prove his claim at any time after the commencement of proceedings, and before final dividend; and so long as the right to prove continues, the right to correct a clerical omission in a proof filed should not be denied. If a proof on file were totally defective, the party would have the right to file anew. The just and fair distribution of the assets of a bankrupt according to law, should not be defeated on mere technicalities.

ERSKINE, District Judge. I have carefully examined the matter certified for review in the case of Benjamin H. Myrick, and I am of the opinion that the decision of the register is correct, and I approve it. The clerk will certify the same to Register Murray.